UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 23-MJ-352 (DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **REGARDING SENTENCING** |
| | ) | |
| SIDNEY ROYEL SELBY III, | ) | |
| a/k/a DESIIGNER, | ) | |
| | ) | |
| Defendant. | | |

The United States of America, by and through its undersigned attorneys, hereby submits its position regarding the sentencing of Defendant Sidney Royel Selby III.

## INTRODUCTION

Defendant Sidney Royel Selby III should be sentenced to two years of probation, a statutory-maximum fine of $5,000, and 120 hours of community service for his indecent exposure on Delta Flight 120 on April 17, 2023. Selby's conduct aboard the flight caused negative real-world effects on the flight attendants who witnessed his actions, in their workplace, where they should be kept safe. The proposed sentence would provide Selby with accountability, impose necessary probationary conditions, given Selby's background and mental-health needs, and create specific deterrence to prevent him from committing similar acts in the future.

The Court may, if it chooses, impose its sentence immediately after Selby pleads guilty, without the need to wait for a pre-sentence investigative report. That is because, under the Rules of Criminal Procedure, a PSR is unnecessary if the Court finds either that Selby's petty offense is one for which no sentence of imprisonment will be imposed, or that the information in the record enables the Court to meaningfully exercise its sentencing authority.

## BACKGROUND

I.   **Offense Conduct:  Selby indecently exposed himself on Delta Flight 120 on April 17, 2023.**

On April 17, 2023, Selby boarded Delta Flight 120 in Tokyo, Japan, and sat in seat 1J.  (Plea Agreement at 2, ¶ 2, Sept. 8, 2023.)  The flight departed for its destination of Minneapolis, Minnesota.  (*Id.*)  About 60 to 90 minutes after takeoff, Selby intentionally removed his penis from his sweatpants.  (*Id.*) On three separate instances during the flight, flight attendants observed that Selby's penis was outside of his sweatpants.  (*Id.*)  During one of the instances, a flight attendant saw Selby masturbating.  (*Id.*)  After each of the first two instances, a flight attendant told Selby, "No."  (*Id.*)  After the third instance, a flight attendant handed Selby an FAA violation card, which is a notice that states that a passenger's behavior "appears to be in violation of federal law." (*Id.*)  Then, at the request of a flight attendant, Selby moved to the rear of the

aircraft, was seated near two travel companions who agreed to monitor him, and committed no further violations of federal law aboard the aircraft.  (*Id.*)

## II.   Procedural History:   Probation memorialized Selby's mental-health issues, and Selby violated numerous pre-trial conditions of release.

On April 24, 2023, the United States filed a complaint, charging Selby with indecent exposure aboard an aircraft, in violation of Title 49, United States Code, Section 46506(2) and D.C. Code section 23-1312, which was formerly codified as D.C. Code section 22-1112.  (Compl., Apr. 24, 2023, ECF No. 2.)  The violation is punishable by up to 90 days in jail and a $5,000 fine.

Selby had his initial appearance on June 12, 2023.  (Min. Entry, June 12, 2023, ECF No. 10.)  Prior to that hearing, the Court was in receipt of a pretrial services report from Probation.  (Bail Report, June 15, 2023, ECF No. 15.)  The report noted that Selby was seeking treatment for undiagnosed mental-health concerns.  (*Id.* at 4.)  It also noted Selby's frequent use of marijuana.  (*Id.*)

Following Selby's initial-appearance hearing, the Court issued an order setting conditions of Selby's release, prior to trial.  (Order, June 14, 2023, ECF No. 14.)  One condition required Selby to "continue individual therapy sessions or other counseling program as determined by the clinician and/or the supervising officer."  (*Id.* at 4 ¶ 7(u).)  Other conditions barred Selby from using "controlled substances," as defined by federal law, and required him to "submit

3

to testing for a prohibited substance if required by the pretrial services officer or supervising officer."  (*Id.* at 3 ¶ (7)(m), (n).)  Selby also waived his right to contest whether there was probable cause to support the allegations in the Complaint.  (Def.'s Waiver of Preliminary and Probable Cause Hr'g, July 5, 2023, ECF No. 19.)

Less than two months later, the Court granted a petition for action by Probation regarding Selby's conditions of pretrial release.  (Order Granting Pet., Aug. 9, 2023, ECF No. 22.)  The petition alleged that Selby had violated his pretrial-release conditions in several ways:

> On July 11, 2023, Selby admitted to marijuana use.  Selby also admitted he had not attended counseling as ordered.  On July 12, 2023, and on July 26, 2023, Selby failed to report for drug testing as directed.
>
> Additionally, Selby has failed to provide his PO Box address to probation, has not signed his co-payment agreement for testing, and has not provided verification of his participation in counseling.

(*Id.* at 1.)

The Court issued a summons for an August 24, 2023 hearing on the alleged pretrial-release violations.  (Summons, Aug. 10, 2023, ECF No. 23.)  That hearing was then rescheduled to September 8, 2023.  (Order, Aug. 22, 2023, ECF No. 24.)  In the interim, the parties engaged in active discussions leading to the anticipated resolution that Selby admit to the pretrial violations,

plead guilty to the charge in the Complaint, and agree to move immediately to sentencing for purposes of judicial economy and a fair resolution to the offense.

## **ARGUMENT**

### I.   **Selby's conduct and personal circumstances call for a significant probationary sentence to prevent future offenses.**

A significant probationary sentence is necessary to prevent Selby from committing future offenses, given his offense conduct and personal circumstances. When determining the proper sentence for a defendant, courts must take account of "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence" to "afford adequate deterrence" and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(B), (C).

In this case, Selby appears to have mental-health and substance-abuse issues. Those issues may have played a role in his offense conduct. And while he has committed publicly to seeking professional assistance to address his issues,[1] his record on pretrial release indicates court supervision remains necessary. This is more than a personal-health issue; it is crucial to ensure that Selby does not offend again.

---

[1] Joshua Espinoza, *Desiigner Tells Fans He's Checking Into Mental Health Facility After Allegedly Exposing Himself on Flight*, Complex (Apr. 20, 2023), https://www.complex.com/music/a/joshua-espinoza/desiigner-mental-health-facility-exposing-himself-on-flight.

This also does not appear to be Selby's first incident on an airplane. In 2018, he was removed from a Scandinavian Airlines flight after he "behaved in a threatening manner toward the crew." *Desiigner: Hey Guys, Never Ever Fly SAS Again!!!*, TMZ (Oct. 2, 2018).[2] Selby explained that a flight attendant put hands on him, causing him to "spazz," and then he was "banned from [the airline] for a whole year." *Id.* No apparent charges were pursued.

That prior incident was one of the factors leading to the Government's decision to pursue the present charge. It suggests Selby's April 2023 conduct aboard Delta Flight 120 was not an isolated incident, but rather a form of behavior aboard airlines requiring a significant consequence and course correction. That course correction can start with the Court's sentence in this case, by ordering that Selby (1) be subject to probationary conditions for two years, (2) perform 120 hours of community service, and (3) pay a $5,000 fine.

The probationary conditions should include the same conditions imposed during pretrial release, and any additional conditions suggested by Probation. The $5,000 fine—the statutory maximum—and 120 hours of community service will provide Selby with personal accountability, in both monetary and non-monetary forms.

---

[2] https://www.tmz.com/2018/10/02/desiigner-boycott-scandinavian-airlines-banned-flight-attendant.

While the Government is not currently seeking a sentence of incarceration, the two years of probation will carry with it added accountability and incentive for Selby to avoid potential future incarceration, which is a possible result if Selby re-offends during his probationary period. That form of deterrence, along with probationary supervision, should increase the odds that Selby remains law abiding going forward.

## II.    The Court may sentence Selby immediately following his guilty plea and opportunity to be heard.

If Selby pleads guilty at the September 8, 2023 hearing, the Rules of Criminal Procedure permit the Court to move immediately to sentencing, without waiting for a PSR, for two independent reasons.

First, Rule 58 addresses cases involving petty offenses. Fed. R. Crim. P. 58 ("Petty Offenses and Other Misdemeanors"). A "petty offense" is one that is punishable by no more than six months of imprisonment. *See* 18 U.S.C. § 19 (defining "petty offense" as a Class B misdemeanor, Class C misdemeanor, or an infraction); 18 U.S.C. § 3559(a)(7)–(9) (defining a Class B misdemeanor as an offense punishable by 31 days to 6 months of imprisonment, a Class C misdemeanor as an offense punishable by 5 to 30 days of imprisonment, and an infraction was an offense punishable by not more than 5 days of imprisonment).

In a petty-offense case, if a court "determines that, in the event of conviction, no sentence of imprisonment will be imposed," then certain specific procedures are to be followed.  Fed. R. Crim. P. 58(a)(3), (c).  For purposes of sentencing, if a defendant pleads guilty to a petty offense for which no sentence of imprisonment will be imposed, the Court should "proceed immediately to sentencing," after giving the defendant an "opportunity to be heard," unless the court chooses to "postpone sentencing to allow the probation service to investigate or to permit either party to submit additional information."  Fed. R. Crim. P. 58(c)(3) ("Sentencing").

For Selby's case, the offense is a petty offense because it is Class B misdemeanor punishable by no more than 90 days of imprisonment.  *See* D.C. Code section 22-1312.  If the Court determines that no sentence of imprisonment will be imposed and that it is unnecessary for Probation to prepare a PSR or for either party to submit more information, the case may proceed to sentencing after Selby enters his guilty plea and has an opportunity to be heard.

Second, under the rules that apply to all other offenses, there is an exception to the general requirement that Probation prepare and submit a PSR prior to sentencing, if "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record."  Fed. R. Crim. P.

8

32(c)(1)(A)(ii).  So, regardless of whether the Court determines a sentence of imprisonment will or will not be imposed, the Court may still proceed to sentencing immediately after Selby's guilty plea, if the record is sufficiently developed.  The parties urge this course of action.

## III.   The requested sentence meets the § 3553 factors.

The proposed sentence recognizes the seriousness of the offense and the need to deter Selby, and also other air travelers, from violating the ability of flight attendants to do a difficult job in a safe and secure manner and for others to travel in peace and safety.  The proposed sentence also provides respect for the rule of law and a just punishment.  And it recognizes the individual before the Court—Selby—a person in need of mental-health and chemical-health support with conditions of probation crafted to meet those needs.   The recommended sentence will provide closure to the victims and best ensure that Selby not do this again.

## <u>CONCLUSION</u>

Selby should be sentenced to two years of probation, a $5,000 fine, and 120 hours of community service for his indecent exposure aboard Delta Flight 120 on April 17, 2023.  That sentence is sufficient but no greater than necessary to accomplish federal sentencing goals.

Respectfully submitted,

Dated:  September 6, 2023

ANDREW M. LUGER
United States Attorney

*/s/ Matthew D. Forbes*

BY:  MATTHEW D. FORBES
Attorney Reg. No. NY5664354
LAURA M. PROVINZINO
Attorney Reg. No. 0329691
Assistant United States Attorneys